# CASES

# SUPREME JUDICIAL COURT,

## COUNTY OF LINCOLN, MAY TERM, 1836.

---

## Rufus Blake *vs.* George R. Freeman.

Where during the pendency of a real action, the town in which the land lies is set off to another county, the action must proceed and be tried in the county where it was commenced.

Where an action, local in its nature, is brought in the wrong county, the defendant may either plead the fact, or demur if it appear on the record, or take advantage of the objection on the trial.

The *stat.* of 1824, *ch.* 307, is prospective in its operation.

This was a writ of entry demanding a small tract of land in *Litchfield*, and was tried on the general issue before *Emery J.* The demandant made out his title by deed, and the controversy in the case arose from the defendant's setting up a title in himself by disseisin, and the demandant's deed was inoperative, because his grantor was disseised, when the deed was made. All the testimony was given at length in the report of the Judge. It appeared, that the defendant had passed over the land in going to and from his house, and had during the summer season fenced in a cowyard on the tract, suffering the fence to be down in the winter. The defendant and others had sometimes piled lumber there. It appeared also, that about the time of the purchase by the plaintiff of this tract, that the defendant had made use of expressions of regret, that he did not purchase the land in dispute.

The Judge instructed the Jury, that it was a desirable circumstance, that titles to real estate, in trials at law, should be traceable by deeds on record, as far as practicable; that still titles might be acquired by disseising the true owner; by open, notori-

ous and exclusive possession of the defendant for more than twenty years.

That they would carefully weigh and consider all the evidence in this case, and gather from it, whether such acts, as were proved by the defendant, were made under a claim of right, or whether they were merely temporary acts of convenience. That sometimes a man from cupidity, oddity of temper, or from some pressing occasion, might attempt to use his neighbor's land, and actually enter upon it without leave; and the owner from reluctance to quarrel, from diffidence, or unwillingness to deny accommodation, might omit immediately to assert his right. In such case, if the property were enclosed with a fence, and exclusively occupied by a person, originally having no right, for twenty years; he would acquire a title by disseisin. But the circumstance of one's passing over another's ground for a dooryard, without its being enclosed by fence for twenty years, though it might be convenient, would not divest the owner of the fee in the land. Nor would the building of a cowyard, and using it in the summer season, and then suffering it to be removed in the winter. They would carefully consider the nature, extent, and continuance of the defendant's possession, and the jury would judge from the testimony of *Levi Kendall*, whether the defendant could have pretended any right, when he expressed his sorrow, that *Kendall* had sold the possession, for the defendant meant to have bought it. And from the testimony of *James Jewett*, as to his information about the property, and that he never heard of *Mr. Freeman's* pretending to own the heater piece till since *Mr. Blake* bought of *Mr. Parks.* That the defendant shewed no deeds conveying any right to him; that they would determine which was the better title : there was nothing to prevent the operation of the deed to the plaintiff, unless *William Parks* was disseised at the time it was made. And if he was not then disseised, they would find a verdict for the plaintiff. But if they were satisfied, that the defendant openly occupied and improved the land exclusively, by surrounding it with fence and continuing the fence for twenty years before the commencement of the plaintiff's action, they would find a verdict for the defendant.

The Jury found a verdict for the plaintiff, which was to be set aside, if the Judge's instructions were wrong.

The land in controversy was in *Litchfield*, and after the commencement of the suit, and before the trial, that town was annexed to and became a part of the county of *Kennebec.* And for that cause the counsel for the defendant filed a plea in abatement, and also a motion to dismiss the action for want of jurisdiction.

*Mitchell* and *Barnard*, for the defendant, contended,

1. That the grantor of the demandant was disseised, and that nothing passed by his deed. 3 *Mass. R.* 573 ; *Porter* v. *Perkins*, 5 *Mass. R.* 233 ; *Gould* v. *Newman*, 6 *Mass. R.* 239 ; *Davis* v. *Hayden*, 9 *do.* 514 ; *Pixley* v. *Bennett*, 11 *Mass. R.* 298 ; *Hathorn* v. *Haines*, 1 *Greenl.* 238.

A conveyance by a disseisee is void, and the title still remains in the grantor. *Thorndike* v. *Barrett*, 2 *Greenl.* 312 ; *Brinley* v. *Whiting*, 5 *Pick.* 348. In a writ of entry the tenant, under the general issue, may disprove the seisin alleged. *Stanley* v. *Perley*, 5 *Greenl.* 369.

An entry into land to defeat a disseisin should be done with that intention, sufficiently indicated either by the act, or by words accompanying it. *Robinson* v. *Sweet*, 3 *Greenl.* 316.

2. The instruction of the judge, that a fence was necessary to create a title by disseisin was erroneous. The *stat.* of 1825, *ch.* 307, has altered the law in that respect. *Pro. of Ken. Pur.* v. *Laboree*, 2 *Greenl.* 287. A fence is but evidence of possession, not essential to it. *Dennett* v. *Crocker*, 8 *Greenl.* 239. A disseisin may be affected without the actual knowledge of the owner of the land. *Poignard* v. *Smith*, 6 *Pick.* 172. Where a disseisor employed an agent to procure a deed from the owner of the land, and took the deed in his own name, the disseisin was not purged, and nothing passed by the deed. *Small* v. *Proctor*, 15 *Mass. R.* 495. An offer to purchase of the true owner, made by the tenant in possession of land not his own does not prejudice his right to betterments. *Blanchard* v. *Chapman*, 7 *Greenl.* 122 ; *Little* v. *Libby*, 2 *Greenl.* 242.

The declaration of *Freeman*, that he regretted he had not purchased of *Kendall*, can have no legal operation against him.

A proposal to purchase does not purge a disseisin. *Small v. Proctor*, 15 *Mass. R.* 495; *Blanchard v. Chapman*, 7 *Greenl.* 122.

A recorded deed alone does not constitute a disseisin of itself. *Pejepscot Prop.* v. *Nichols*, 1 *Fairf.* 262.

On the motion in arrest of judgment.

There is nothing in the act setting off *Litchfield* to *Kennebec* saving in any manner any right whatever.

The action is local, and must be tried in the county where the land lies. *Ancient Charters*, 44; *Phelps* v. *Decker*, 10 *Mass. R.* 267. Actions abate by acts taking place after the suit is commenced. *Ryder* v. *Robinson*, 2 *Greenl.* 127. And this may be taken advantage of on motion. *Adams*, v. *Leland*, 7 *Pick.* 62.

Nor is there any difficulty in the case, for the venue may be changed at any time before the trial. *Tidd's Pract. Venue; Cowper*, 409.

*F. Allen*, for the plaintiff, argued, that as there was no motion to set aside the verdict, because the jury had drawn wrong conclusions, the only question on the report was, whether the Judge's instructions were correct.

The first of these is not opposed to the defendant. The second one, that it was necessary, that fences should be continued for twenty years was unquestionably correct. The instruction does state, that to be the *only mode* of acquiring title by possession of land unoccupied by buildings. The *stat.* of 1825, does not profess to be retrospective, and if it did, it would be unconstitutional and void. As to the other instructions, disseisin is always a question of fact. The law is stated by the court, and the jury settle the facts. As to the fence, the judge merely put it to the jury to say, whether from the fact of its being removed in the winter, it was intended to be the boundary line of his land; an instruction quite as favourable to the defendant, as the law would warrant. There is no principle of law involved in the comments upon the testimony of the witnesses. The law of disseisin in this State is too clearly settled to render it proper to cite authorities to shew what disseisin is.

As to the objection, that the court has not jurisdiction. The action was brought in the right county, and no alteration in the county lines made afterwards can take from the court the power to proceed with the action. Neither by our statutes or practice is an action sent from one county to another to be tried. The court having once lawfully acquired jurisdiction in this county will hold it until the case is finished. *Carver* v. *Astor*, 4 *Peters*, 1.

WESTON C. J.—It is a principle of law well settled, that every action for the recovery of the seisin or possession of land, shall be brought in the county where the land lies. This action then was rightfully brought in the county of *Lincoln*. Where an action, local in its nature, is brought in the wrong county, the defendant may either plead the fact, or demur, if it appears on the record, or take advantage of the objection at the trial. *Hathorne* v. *Haines*, 1 *Greenl.* 238. Subsequent to the action, but prior to the trial, the town of *Litchfield*, where the land is, was by law detached from the county of *Lincoln*, and made a part of the county of *Kennebec*.

The court in the county of *Lincoln*, being once lawfully possessed of jurisdiction of the action, had a right to proceed to judgment. It could not be transferred to *Kennebec*. A change of the venue is not known in our practice. The mere civil relations assumed by *Litchfield*, in pursuance of law, could never be intended to abate or defeat actions actually pending, for the recovery of lands in that town. If the action must by law be brought in the county of *Lincoln*, it must of necessity be there tried. Where an injury has been committed in one county to land situate in another, or wherever an action is founded upon two or more material facts, which took place in different counties, the venue may be laid in either. *Bulwer's case*, 7 *Coke*, 27; *Gregson* v. *Heather*, 2 *Strange*, 727. *Scott* v. *Best*, 2 *T. R.* 238. If in these cases, the locality of actions is affected by special circumstances, there is in this case a stronger necessity, that the action should be tried in the only county, in which it could have been brought. And we are of opinion, that the plea

Blake *v.* Freeman.

in abatement of the action, and the motion to the same effect, were properly overruled and rejected.

With regard to the instructions, the presiding Judge left it to the jury to determine, whether the acts and occupation relied upon, as constituting a disseisin, were under a claim of right, or adverse in their character. To this there could be no objection. The greater part of the time, during which the tenant relied upon a disseisin by himself, or those under whom he claimed, was anterior to the *statute* of 1825, *c.* 307, upon which his counsel relies, as introducing a new rule of law, on the subject of disseisin ; and what the judge stated in regard to fences, was in conformity to the rule of law applicable to that period. And what was a disseisin before, would be subsequently The *statute* of 1825, however, declares surrounding fences, or other equivalent obstructions, not essential to a disseisin, but that it may be proved by a possession, occupancy and improvement, open, notorious and exclusive in its character, and comporting with the ordinary management of similar estates, in the occupancy of those, who have title thereto. The Judge, in submitting the case to the jury, gave it as his opinion, that the passing over the uninclosed ground of another as a dooryard, or the building of a cowyard upon the land of another, using it as such in the summer, and then taking away the fence, would not constitute a disseisin.

These intimations had reference to, and are qualified by, the facts and circumstances of the case, which had been submitted to the jury. It appears that the triangular piece of land in controversy, was not considered worth fencing by the owner, and was left open. The use occasionally made of it by the tenant, has the appearence rather of a matter of favor and indulgence, than as an adverse claim, calculated to put the owner upon his guard. No witness has been brought to state, that the tenant ever claimed the land as his own. Upon the whole, it appears to us, that there was no sufficient evidence of a disseisin, either prior to the statute of 1825, or under any new rule, which that statute may have established.

*Judgment on the verdict.*